

# THE ATTORNEY GENERAL
## OF TEXAS

October 5, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. Larry R. Soward
Executive Director
Texas Water Commission
P. O. Box 13087
Austin, Texas    78711

Opinion No. JM-806

Re: Whether a corporate guar-
antee given by the operator of
a hazardous waste facility as
a mechanism for demonstration
of financial responsibility
can be enforced if the owner
or operator of a subsidiary
corporation has signed a
settlement agreement dis-
claiming liability

Dear Mr. Soward:

You seek clarification of Attorney General Opinion
JM-653 (1987). Opinion JM-653 addressed federal rules
that allow the use of a parent corporate guarantee as an
alternative to liability insurance to comply with federal
liability requirements for hazardous waste facilities. In
Opinion JM-653, this office determined:

> A corporate guarantee which is executed
> to comply with the third party liability
> requirements for hazardous waste facilities
> and which tracks the language of the
> corporate guarantee set forth in section
> 264.151(h)(2) of Title 40 of the Code of
> Federal Regulations creates a third party
> 'creditor' beneficiary contract which can be
> enforced in Texas. <u>Establishing a par-
> ticular third party claim upon the guarantee
> depends upon an initial determination of
> liability against the hazardous waste
> facility in question</u> and upon the per-
> formance of all of the basic elements
> necessary to create a contract. (Emphasis
> added.)

Because the corporate guarantee is to be interpreted
and enforced in accord with the laws of the state in which

the guarantor is incorporated, the federal rules require a written statement from the Attorney General attesting that the corporate guarantee required by the rules is legally enforceable. See 40 C.F.R. §264.147(g)(2). You indicate that the United States Environmental Protection Agency expressed concern that the statement, underscored above, in Opinion JM-653 could be read to preclude enforcement of a corporate guarantee when the hazardous waste facility enters into a settlement agreement that disclaims liability. The Environmental Protection Agency stated that most settlement agreements contain a disclaimer of liability by the hazardous waste facility in question. We believe that these concerns are unfounded.

As indicated in Attorney General Opinion JM-653, enforcing the corporate guarantee in question depends on an "initial determination of liability." This liability may take the form of contractual liability imposed by a settlement agreement. Most settlement agreements disclaim tort liability and fix a specific amount as settlement of a third party's claim. This establishes contractual liability for the amount of the settlement agreement. Attorney General Opinion JM-653 does not indicate that it is necessary to have a court determination of tort liability before the corporate guarantee may be enforced.

The corporate guarantee set forth in the federal code and quoted in Opinion JM-653 expressly recognizes that the contractual liability imposed by a settlement agreement can form the basis for the enforcement of the corporate guarantee. Section 3 of the guarantee provides:

> For value received from [owner or operator], guarantor guarantees to any and all third parties who have sustained or may sustain bodily injury or property damage caused by [sudden and/or nonsudden] accidental occurrences arising from operations of the facility(ies) covered by this guarantee that in the event that [owner or operator] fails to satisfy a judgment or award based on a determination of liability for bodily injury or property damage to third parties caused by [sudden and/or nonsudden] accidental occurrences, arising from the operation of the above-named facilities, <u>or fails to pay an amount agreed to in settlement of a claim arising from or alleged to arise from such injury or damage</u>, the guarantor will satisfy

such judgment(s),   award(s),   or   <u>settlement</u> <u>agreement(s)</u> up  to the   limits of  coverage identified above.   (Emphasis added.)

This type of corporate guarantee is  enforceable in Texas. <u>See</u> Attorney General Opinion JM-653.

### S U M M A R Y

A corporate  guarantee  based  on  contractual liability imposed  by a   settlement agreement may be legally enforced in Texas.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General